UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

FILED
United States District Court
Western District of Arkansas
May 23 2025
Office of the Clerk

JEFF BAILEY,
Plaintiff

v.     Case No. 6:24-CV-06095-SOH

DEREK SCOTT FINKBEINER
In his personal and official capacities,

JENNIFER E. CORLEY
In her personal capacity
Defendants

## MOTION TO COMPEL

COMES NOW the Plaintiff JEFF BAILEY, pro se, and moves the Court to compel answers to interrogatories and responses to requests to produce documents pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure.

1

## INTRODUCTION

1. This Motion to Compel is the result of the Second Set of Interrogatories propounded by Jeff Bailey on Defendant Jennifer Corley on March 9, 2025.(MTCC EXHIBIT 1)

## STATEMENT OF FACTS

1. On or about February 15, 2025 Defendant Corley removed her entire presence from Facebook including her posts, comments and emojis from the Hot Spring County Crime Watch page.
2. The Hot Spring County Crime Watch page is the subject of this litigation.
3. On February 16, 2025 Plaintiff sent Defendant Corley's Attorney Mathis a letter expressing his concern about Defendant Corley's deletion of electronic records directly related and necessary for the pending litigation. (MTCC EXHIBIT 2)
4. In his letter Plaintiff specifically requested the preservation of all posts, comments and emojis deleted by Defendant Corley.
5. In response Attorney Mathis sent a letter to Plaintiff on February 17, 2025 stating that all deleted information had been preserved. (MTCC EXHIBIT 3)
6. Facebook policy states that deleted accounts and information may be accessed for a period of at least 30 days after deletion. This policy insures against accidental deletions.

7. Defendant Corley and Attorney Mathis were well aware of their obligation to preserve electronic media.

8. On March 9, 2025 Plaintiff emailed his second set of Interrogatories and Requests for Production to Defendant Corley through her attorney. (MTCC EXHIBIT 1)

9. Interrogatories 7 and 8 and Requests for Production 7 and 8 request the information deleted by Defendant Corley on February 15, 2025.

10. At the time the Interrogatories were received by Defendant Corley the information requested should have been retrievable per Facebook policy.

11. Defendant has made no objection as to the Discoverability of the information requested.

12. Defendant has provided some posts but no comments and no emojis.

13. Defendant now claims the comments and emojis were not preserved.

14. Many of the posts provided by Defendant Corley in response to Interrogatories were submitted in less than a 2 point font. They are unreadable as submitted and Plaintiff does not have the programming to enhance their view. (MTCC EXHIBIT 4)

15. Reviewing a post without the related comments is tantamount to hearing only the first sentence of a telephone call.

16. In a Facebook thread the comments comprise the total back and forth discussion.

17. Many of the deleted comments are actually comments made by Defendant's Corley and Finkbeiner.

18. Plaintiff estimates as more than 5,000 comments and more than 10,000 emojis are deleted.
19. Some of the deleted material was used in Plaintiff's original case Exhibits, but is no longer available due to Defendant Corley's deletions.
20. Plaintiff's ability to submit a cohesive case is threatened by Defendant's failure to provide Discovery documents.
21. Defendant Corley was at all times responsible for the preservation and deliverability of the electronic media she authored and controlled on Facebook.

## CONCLUSION

22. In May 2025 Plaintiff, in compliance with Local Rule 7.2, Plaintiff conferred with Defendant Corley's Attorney on two ocassions in an attempt to resolve their differences and honestly discuss the issues regarding the responses of Defendant Jennifer Corley to submitted Interrogatories and Requests for Production.
23. During this conference Plaintiff explained in common terms what information he was seeking from Defendant Corley. Attorney Mathis was attentive and responsive to Plaintiff's concerns and indicated that he understood what information Plaintiff was seeking.
24. Plaintiff has propounded reasonable INTERROGATORIES and REQUESTS FOR PRODUCTION upon Defendant Corley.

25. The INTERROGATORIES AND REQUESTS FOR PRODUCTION propounded by the Plaintiff were presented in a way that any reasonable person would understand what information is being requested.

26. In conferring with Defendant Corley's Attorney, Plaintiff is satisfied that Defendant Corley understands the information Plaintiff is seeking and Defendants Attorney indicated he understood what information Plaintiff was seeking.

27. Defendant Corley has failed to comply with Rules 33, 34 and 37 of the Federal Rules of Civil Procedure. Rule 33 provides for the use of Interrogatories to parties and Rule 34 provides for the use of requests for production. Rule 37(a) (2) allows for a party to move for a court order compelling an answer to discovery taken under Rules 33 and 34 when a party fails to comply with such Discovery.

28. The parties have conferred in good faith on the issues contained herein and we are not able to resolve our disagreements without the intervention of the court.

29. Plaintiff requests an Order to Comply with Discovery and produce all of the information she deleted from Facebook including posts, comments and emojis in a readable format.

30. Plaintiff seeks any and all relief deemed just by this court.

Respectfully Submitted,

Dated May 22, 2025

Jeff Bailey – Plaintiff

## Certificate of Service

Winston C. Mathis
PO Box 399
Arkadelphia, AR 71923
870-246-5886
mathislawfirm@gmail.com

John T. Adams
jadams@fc-lawyers.com

Annie Depper
adepper@fc-lawyers.com

David Fuqua
dfuqua@fc-lawyers.com

Sam Baber
sbaber@fc-lawyers.com

Jordan Self
jfowler@fc-lawyers.com

Kristen Gibson
KGibson@fc-lawyers.com

I hereby certify that on May 22, 2025 I emailed the above participants in this case and mailed a copy of this motion to each law office with the US mail.