IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**JEFF BAILEY,**
**Plaintiff**

**v.** **CASE NO. 6:24CV06095 SOH**

**DEREK SCOTT FINKBEINER**
**In his personal and official capacities,**

**JENNIFER E CORLEY,**
**In her personal capacity.**
**Defendants**

**SEPARATE DEFENDANT JENNIFER E. CORLEY'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO SEPARATE DEFENDANT JENNIFER E CORLEY**

**Comes now**, Jennifer E. Corley, separate defendant, by and through her attorney, Winston C. Mathis, and for her responses to the Plaintiff's First Set of Discovery, states as follows:

**INTERROGATORY NO. 3:** Did you ban or remove Plaintiff from the Hot Spring County Crime Watch page for violating the group's rules?

**RESPONSE TO INTERROGATORY NO. 3:** Affirmative. The Plaintiff was banned and removed from the Hot Spring County Crime Watch page for a violation of the group's rules

**INTERROGATORY NO. 4:** Describe the activity, post or comment made by Plaintiff, breaking the groups rules, that resulted in you banning him from the Hot Spring County Crime Watch page.

**RESPONSE TO INTERROGATORY NO. 4** : The precipitating event leading to the Plaintiff's removal was a comment posted by Jeff Bailey on or around May 23, 2024, within the Hot Spring County Crime Watch Facebook group. This comment was made in

response to Jennifer Elmore Corley and contained the statement that the Plaintiff believed Ms. Corley was "bullying harassing and telling lies". The specific portion of the comment deemed to be in contravention of the group's rules was the assertion that Jennifer Corley engaged in bullying, harassment, and the dissemination of falsehoods.

**INTERROGATORY NO. 5:** Describe in detail your participation in the decision to block Plaintiff from accessing and commenting on the Hot Spring County Crime Watch page.

**RESPONSE TO INTERROGATORY NO. 5:** The decision to restrict the Plaintiff's access to and ability to comment on the Hot Spring County Crime Watch page was the sole and unilateral determination of Separate Defendant Jennifer Corley

**INTERROGATORY NO. 6:** Explain which violation of group rules led you to ban Plaintiff from the Hot Spring County Crime Watch page.

**RESPONSE TO INTERROGATORY NO. 6:** The Plaintiff's removal was predicated upon a violation of Group Rule No. 5 which states "Be kind and courteous", and No. 7, which explicitly prohibits criticism of other members or the group.

**INTERROGATORY NO. 7:** In February 2025, did you delete or change Facebook permissions to view certain posts made by you on the Hot Spring County Crime Watch page.

**RESPONSE TO INTERROGATORY NO. 7:** In February 2025, Jennifer Corley became the victim of online bullying and harassment from multiple fake Facebook profiles and anonymous posters. Subsequently, Ms. Corley deactivated her Facebook profile.

Notwithstanding the profile deactivation, all posts made by Jennifer Corley on the Hot Spring County Crime Watch Page were preserved offline.

**INTERROGATORY NO. 8:** Describe what actions you took in February 2025 to prevent Facebook members from viewing your previous posts, the related comments, and related reactions,

also known as emoticons on the Hot Spring County Crime Watch page.

**RESPONSE TO INTERROGATORY NO. 8:** In February 2025, Jennifer Corley became the victim of online bullying and harassment from multiple fake Facebook profiles and anonymous posters. Subsequently, Ms. Corley deactivated her Facebook profile. As previously stated, all of her posts were preserved offline.

**REQUEST FOR PRODUCTION NO. 5:** Please provide a copy of the rule or rules that were violated by Plaintiff that resulted in him being banned from the Hot Spring County Crime Watch page.

**RESPONSE TO FOR PRODUCTION NO. 5:** Refer to the attached document containing Group Rule No. 5 and No. 7, the specific rules violated by the Plaintiff that resulted in his removal from the Hot Spring County Crime Watch page.

**REQUEST FOR PRODUCTION NO. 6:** Please provide a copy of the Plaintiffs separate comment and all other related portions of that thread that resulted in your decision to ban Plaintiff from the Hot Spring County Crime Watch page.

**RESPONSE TO FOR PRODUCTION NO. 6:** Attached hereto is a copy of Jeff Bailey's comment to Jennifer Corley, constituting the communication that formed the basis for the decision to ban the Plaintiff from the Hot Spring County Crime Watch page.

**REQUEST FOR PRODUCTION NO. 7:** Please provide all posts that you have made that have been removed or otherwise blocked from view on the Hot Spring County Crime Watch page. Include all comments made by others to the posts and all emoticons related to the post.

**RESPONSE TO FOR PRODUCTION NO. 7:** Attached are Jennifer Corley's Hot Spring County Crime Watch Posts that have been removed from public view due to the deactivation of her Facebook profile as a result of online bullying and harassment from multiple fake Facebook profiles

and anonymous posters. This attachment does not include all extant comments made by others on these posts.

**REQUEST FOR PRODUCTION NO. 8:** Please provide all comments that you have made on any Hot Spring County Crime Watch post that has been removed or otherwise blocked from view by you.

**RESPONSE TO FOR PRODUCTION NO. 8:** Subsequent to the deactivation of her Facebook profile in February 2025, Defendant Jennifer Corley no longer possesses an active Facebook account and, consequently, lacks the ability to access comments on the platform.

In the event any answer to these Interrogatories should change or need updating, will you do so, and will you consider these Interrogatories to be continuing in nature such that any updates to said answers shall be forthcoming upon receipt? We will comply with the rules of Arkansas Civil Procedure.

Jennifer E. Corley

Winston C. Mathis, Ark. Bar # 97098 Attorney at Law
Mathis Law Firm
402 Main Street/ P.O. Box 399
Arkadelphia, AR 71923
870-246-5886
mathislawfirm@gmail.com

Attorney for Separate Defendant Jennifer Corley in her individual capacity.

**CERTIFICATE OF SERVICE**

On this _____ day of _________________________, 2025, I emailed the document above to the Plaintiff at:

Jeff Bailey
1045 Tom Loyd Cutoff Malvern, AR 72014 mailarkansas@gmail.com

On this _____ day of _________________________, 2025, I emailed the document above to the Co-Defendant Attorneys at:

Harper Kiefer
Fuqua Campbell, P.A.
Attorneys at Law
3700 Cantrell Rd, Suite 204 Little Rock, AR 72202
501-374-0200
hkiefer@fc-lawyers.com

John T. Adams jadams@fc-lawyers.com

Chris Stevens cstevens@fc-lawyers.com

Annie Depper adepper@fc-lawyers.com

/s/_______________
Winston C. Mathis

Winston C. Mathis
Mathis Law Firm
PO Box 399
Arkadelphia, AR 71923

via Email and US Mail

February 16, 2025

RE: Bailey v Finkbeiner et al
6:24CV06095 SOH
**Interrogatory responses and Duty to Preserve Evidence**

Mr. Mathis,

I have been trying unsuccessfully to reach you to resolve the responses by Jennifer Corley to the interrogatories I propounded on November 19, 2024. I have called your office multiple times and left a message asking for a return call. Please call me as soon as possible so that we may set up a mutually agreeable time soon to work out the issues with Defendant Corley's response to discovery.

In addition, I was informed on Saturday morning, February 15, 2025 that virtually all of Jennifer Corley's posts and comments have been removed from the Hot Spring County Crime Watch page. Because I am blocked from the page I am unable to verify at this time whether any posts of Defendant Finkbeiner have been altered or removed. These posts and accompanying comments are not only a primary issue to my complaint, but they are also an integral part of the ability to answer pending interrogatories that were propounded to Defendant Corley as well as interrogatories propounded to Defendant Finkbeiner. It is my understanding that some of the information deleted was incorporated as Exhibits in the original complaint. Please confirm immediately whether in fact this deletion of evidence was taken with the knowledge of either Defendants Corley or Finkbeiner and/or their respective counsel's, and whether or not all of the information that was deleted will be returned today, to it's exact position prior to the deletions.

I consider this an egregious violation of the duty to protect and hope you will take this situation as seriously as I do, and resolve it today.

I have not been advised of any objection by either Defendant as to the discoverability of any information contained on or related to the Hot Spring County Crime Watch page. I suggest therefore that your clients provide me with their sign in name and password and I will conduct the investigation myself.

I look forward to hearing from you.

Respectfully,

Jeff Bailey

# *The Mathis Law Firm*

***Winston C. Mathis***
Attorney At Law
P.O. Box 399
402 Main Street
Arkadelphia, Arkansas 71923
Email: mathislawfirm@gmail.com

February 17, 2025

To: Jeff Bailey

From: Winston C. Mathis
Mathis Law Firm

Re: 6:24-CV-06095, Communications received February 17, 2025 via email

Dear Mr. Bailey,

I appreciate this opportunity to communicate with you in respect to your motion to compel. I believe we answered your questions completely and correctly. If you ask a question pursuant to the local rules and regulations, we will do our best to answer exactly the questions you ask. We believe we have done this.

In respect to any information removed off the Internet by my client, it has been preserved.

Sincerely,

*Winston C. Mathis*
Winston C. Mathis

CC: Harper Keifer

WCM/ lj



Hot Spring County Crime Watch

**Hot Spring County Crime Watch**

Important Update Nov 7: I wanted to let everyone know the government pulled a fast one (again) and rescheduled Sheriff Finkbeiner's court date to March 31, 2025, 119 days after the court date of Dec 2nd. Sheriff Finkbeiner, his attorneys, and his supporters are livid as he has a right to a speedy trial, but the U.S. Attorney's Office keeps coming up with reasons to continue to keep him out of the office that WE THE PEOPLE voted him into. I will have a more thorough update on what is going on soon, but I wanted you to know due to this his attorneys are considering taking action that will make many of you very happy.

By falsely accusing Sheriff Finkbeiner of crimes for which he did not commit, pressuring him into administrative leave, continuously extending his trial date, and using unethical tactics throughout the investigation and in legal matters, the US Attorney's Office has interfered with the will of the people of Hot Spring County who elected our Sheriff. Sheriff Finkbeiner has now been out of his duly elected office longer than he was in it. We the people elected him for a 4 year term, however he has only been allowed to serve 10 months of it. In that 10 months Sheriff Finkbeiner made monumental changes to the rampant crime and corruption that has plagued Hot Spring County for ages. He has now been out of the office for over a year.

Not only are our rights to choose our elected officials being violated, Sheriff Finkbeiner's life has been affected in many ways by these false accusations (which came from a few powerful corrupt people within Hot Spring County):

- For the past year Sheriff Finkbeiner has not been allowed to leave the Western District of Arkansas without permission from the government, including to visit his mother just 1 county away.
- Sheriff Finkbeiner has been required to take many random drug tests (and passed every one of them despite the government's previous allegations and smear campaign claiming that he uses drugs).
- He has random searches of his home by parole officers per the court's order.
- Sheriff Finkbeiner's 2nd Amendment rights have been violated for the past year as he is not allowed to have any weapons, a right secured by the US Constitution.
- Sheriff Finkbeiner had his phone illegally seized based on these false accusations.
- Sheriff Finkbeiner has had his name all over statewide news articles and false information spread by the Malvern Daily Record regarding his case.
- Sheriff Finkbeiner has been the subject of a special quorum court meeting where false information was spread about him by elected officials.
- Finkbeiner cannot currently present the overwhelming evidence to the public that exonerates him of these crimes as the court put a protective order on discovery to prevent him from doing so.
- The US Attorney named most of the Sheriff's Office as witnesses, so he cannot communicate with them.
- Sheriff Finkbeiner cannot attend local meetings or go to certain local restaurants and businesses as he would likely encounter those on the witness list.
- Sheriff Finkbeiner has been unable to perform the duties we elected him to do bc of the false accusations made against him (including arresting and charging corrupt local politicians and officers).
- Local law enforcement officials have illegally searched the homes of people who they felt they could pressure into lying about Sheriff Finkbeiner (unsuccessfully). This includes people outside of their jurisdiction, however without the Sheriff in office they are not being held accountable for doing so.
- The FBI has been targeting coworkers and friends of Sheriff Finkbeiner in an effort to get them to lie, record, and entrap Sheriff Finkbeiner into illegal activity (unsuccessfully). In addition, unfortunately this summer, an individual once close to Sheriff Finkbeiner revealed to my husband and myself that he has been working for the FBI against Sheriff Finkbeiner. He told us lies about the Sheriff that we 100% know were not true and attempted to pressure my husband into also working for the FBI against the Sheriff. This person said the FBI offered him a "proffer" which means he has committed crimes and they've offered him immunity in exchange for him recording the Sheriff. His recordings amount to absolutely nothing, as the Sheriff hasn't committed any crimes, but I would like the public to be aware this individual is heavily involved in the Republican Party in our county, which is why I resigned as Social Media Coordinator for the party and my husband and I have distanced ourselves from party events. I would also like other Hot Spring County elected officials to know this individual told me he was investigating several of you and providing information to the FBI about you. I believed some of these accusations could be true, so I started investigating. After sending multiple FOIA requests to various government entities I do not believe there is any evidence that what this individual accused these officials of is true, although according to him he was working hard to convince the FBI of these accusations. (I do not have any problem with calling a corrupt politician out, however I will NEVER blindly accuse someone of corruption without evidence). A note to these HSC officials: several of you have recently rubbed elbows with this man at local events, as he is very much making power grabs, as corrupt people in HSC have always done. I will not reveal his name just yet, but I believe you'll be hearing a lot about him in the news quite soon for his own criminal behavior that I have fairly recently been made aware of. I was very disheartened to learn about this individual's true intentions in HSC, as we have been working so hard to clean things up here. It's always sad to hear of bad people who want to harm the progress being made here, but we have to remember for every bad person there are so many good, wonderful, and caring people in this county who want to see positive changes made.

I have never mentioned some of this before, but I wanted the public to know what has been happening. I can't say anymore than that for now, but I hope to have an exciting update for you soon regarding the Sheriff. His legal team is in the process of making some very big moves in his case.

We The People of Hot Spring County will not tolerate this corruption any longer, and we want our Sheriff back to continue to exercise the authority we gave him!



Like Comment Share

**Hot Spring County Crime Watch**

Many are asking for an update on the Sheriff.

[illegible]