IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEFF BAILEY                                                    PLAINTIFF

v.                              Case No. 6:24CV06095 SOH

DEREK SCOTT FINKBEINER, individually
and in his official capacity as Hot Spring
County Sheriff; and JENNIFER E. CORLEY                         DEFENDANTS

### SEPARATE DEFENDANT SCOTT FINKBEINER'S
### RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Comes Separate Defendant, Scott Finkbeiner, and provides the following responses

to Plaintiff's First Set of Interrogatories and Requests for Production of Documents:

**INTERROGATORY NO 1:** Describe in detail any contact you had with former

Hot Spring County Crime Watch member who posted under the name "Amy Williams."

**RESPONSE:** Separate Defendant created the former Hot Spring County Crime

Watch page member Facebook account with the name "Amy Williams."

**REQUEST FOR PRODUCTION NO 1:** Please provide the Facebook Activity

Log for the Hot Spring County Crime Watch page for which you were / are moderator.

Please provide the entire pages of all activity from January 1, 2023 to present day.

**RESPONSE:** Separate Defendant objects to Request for Production No. 1 on two

grounds. First, it is overly broad, unduly burdensome, and not proportional to the needs of

the case. Specifically, the request seeks documents that are not relevant to any party's claim

or defense and imposes an undue burden on Separate Defendant by requiring the production

of a vast number of documents without sufficient justification. Separate Defendant contends

that the request is unduly burdensome. Complying with the request would necessitate significant time and resources to locate, review, and produce the thousands of requested documents. The burden and expense of this production outweigh its likely benefit, especially given the marginal relevance of the documents sought.

Second, Separate Defendant objects to this request because the Hot Spring County Crime Watch is intended to be a private group for county residents "to communicate between each other regarding what is going on in the community and to relay information to help find stolen property, missing people, and let everyone know if something is happening we all need to know about." The requested information contains sensitive communications of members of the private Facebook group who are not parties to this litigation.

As a practical matter, Separate Defendant was unable to generate a list of posts going back more than a year with his Facebook group page administrator controls. Without waiving the foregoing objections, Separate Defendant will provide a list of the 323 Posts to the Hot Spring County Crime Watch from February 5, 2024, to February 3, 2025, when the Court enters a Protective Order substantially similar to the one submitted today to Plaintiff and Co-Defendant by Separate Defendant.

**INTERROGATORY NO 2:** Please provide the name, Facebook user name, contact information, and all other information available to you of every person or entity that have been blocked from the Hot Spring County Crime Watch Facebook page from its inception to present day. Please include the specific reason each person or entity was blocked, and if they were blocked for a violation of the page rules, which rule they violated.

**RESPONSE:** Separate Defendant objects to Interrogatory No. 2 as overly broad,

2

MTCF EXHIBIT 1

unduly burdensome, and not proportional to the needs of the case. As identified below, 296 accounts are listed as "Banned" by the Hot Spring County Crime Watch page as of February 4, 2025. The information available from Facebook regarding these banned accounts does not provide the reason the individual accounts were banned. Separate Defendant cannot possibly recount why each account was banned. To determine such would require Separate Defendant to identify the date the account was banned and compare that date to any posts or comments made by the offending account around the same time. Facebook does not provide the dates accounts were banned. Moreover, Separate Defendant is not the only moderator for the Hot Spring County Crime Watch page and some of the "Banned" accounts may have been banned by a different moderator. Facebook does not provide the identity of which moderator banned the account.

Further, as stated below, as a general matter, users are banned for violating the Hot Spring County Crime Watch page rules. The "Group rules from the admins" on the public landing page for the group are "1. No national politics; 2. No vulgar language in posts or comments; 3. No lost and found post; 4. No threats; 5. Be Kind and Courteous; 6. No Promotions or Spam; [and] 7. No criticism of other members of the group." Banning an account from a private group for violating one of these rules has nothing to do with Plaintiff's claims.

Without waiving said objection, Separate Defendant will provide a list of the 296 accounts listed as "Banned" by the Hot Spring County Crime Watch page as of February 4, 2025, when the Court enters a Protective Order substantially similar to the one submitted to Plaintiff and Co-Defendant by Separate Defendant. The Hot Spring County Crime Watch is intended to be a private group for county residents "to communicate between each other

3

regarding what is going on in the community and to relay information to help find stolen property, missing people, and let everyone know if something is happening we all need to know about." The requested information contains sensitive information about former members of the private Facebook group who are not parties to this litigation.

As a general matter, users are banned for violating the Hot Spring County Crime Watch page rules. The "Group rules from the admins" on the public landing page for the group are "1. No national politics; 2. No vulgar language in posts or comments; 3. No lost and found post; 4. No threats; 5. Be Kind and Courteous; 6. No Promotions or Spam; [and] 7. No criticism of other members of the group." The list of "Banned" accounts does not provide the identity of the actual Facebook user or the contact information for the Facebook user. Accordingly, Separate Defendant is unable to provide this information.

**REQUEST FOR PRODUCTION NO 2:** Please provide the Facebook blocked member file for all persons / entities that have been blocked from participating on the Hot Spring County Crime Watch Facebook page from its inception to the present day. Provide a labeled list for each Facebook category including Restricted List, Block Users, Block Messages, Block App Invited, Block Event Invites and Block Pages.

**RESPONSE:** To the extent Separate Defendant understands what is meant by "blocked member file," please see the objections and response to Interrogatory No. 2. Additionally, Facebook does categorize the blocked member files into "Restricted List," "Block Users," "Block Messages," "Block App Invited," "Block Event Invites," or "Block Pages." As such, Separate Defendant is unable to provide this information.

**REQUEST FOR PRODUCTION NO 3:** Please provide all documents related to any contact you've had with Amy Williams. Include details of your initial contact,

4

including the date, their application to the Hot Spring County Crime Watch Facebook page, any emails, email addresses, texts, phone calls, phone numbers, letters, physical or mailing addresses, screen shots, audio or video recordings or any other communications you had with this person or entity. Include all documents relating to the date they were approved to participate in the Hot Spring County Crime Watch page and by whom they were approved to participate. Include also any documents or records available to you that indicate the date they left the group and the conditions under which they left.

**RESPONSE:** Please see the response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO 4**    Please provide all documents, posts, emojis, emails, texts, or records or other forms of communication from or to you, from or to any party, associated with the decision and actions taken to block any user from participating in the Hot Spring County Crime Watch Facebook page.

**RESPONSE:** Separate Defendant objects to Request for Production No. 4 because the Hot Spring County Crime Watch is intended to be a private group for county residents "to communicate between each other regarding what is going on in the community and to relay information to help find stolen property, missing people, and let everyone know if something is happening we all need to know about." The requested information contains sensitive information about former members of the private Facebook group who are not parties to this litigation.

Without waiving the foregoing objection, the Hot Spring County Crime Watch does not show which administrator blocked each of the accounts listed on the Banned list to be provided in response to Interrogatory No. 2. As a general matter, users are blocked for violating the Hot Spring County Crime Watch page rules. The "Group rules from the

5

admins" on the public landing page for the group are "1. No national politics; 2. No vulgar language in posts or comments; 3. No lost and found post; 4. No threats; 5. Be Kind and Courteous; 6. No Promotions or Spam; [and] 7. No criticism of other members of the group." Separate Defendant has no correspondence or other document "associated with the decision and actions taken to block any user from participating in the Hot Spring County Crime Watch Facebook page."

**INTERROGATORY NO 3:**    Identify the name, address, and phone number of every person whom you are aware has knowledge of the facts and circumstances supporting the defense of this complaint, giving a summary of all facts you believe the person knows.

**RESPONSE:** Separate Defendant has not completed an investigation of the facts relating to this case or completed formal discovery. Accordingly, there may exist information of which Separate Defendant does not yet have knowledge or has not yet located, identified, or reviewed. Based only on such information and documents currently known or available to Separate Defendant after reasonable inquiry, the following individuals may have knowledge of the facts and circumstances supporting the defense of this complaint:

- the parties to the case;
- Erica Finkbeiner, who is an administrator of the Hot Spring County Crime Watch page; and
- Shelia Gregory, who is a moderator of the Hot Spring County Crime Watch page.

**INTERRROGATORY NO 4:**    Have you any tangible items of correspondence, communication, documentation, memoranda, records, recordings, or any

other item, which you may offer in evidence at trial of this matter, or which otherwise support your defense of the allegations in the Complaint?

**RESPONSE:** Separate Defendant has not completed an investigation of the facts relating to this case or completed formal discovery. Accordingly, there may exist documents or other items of which Separate Defendant does not yet have knowledge or has not yet located, identified, or reviewed. Without waiving the foregoing objection, Separate Defendant has no such items at this time and will provide items to Plaintiff in discovery and pretrial disclosures as required by the Federal Rules of Civil Procedure and the Court's scheduling order.

**REQUEST FOR PRODUCTION NO 5:**    Provide a copy of all items identified in the response to the previous interrogatory.

**RESPONSE:** Please see the response to Interrogatory No. 4.

**INTERROGATORY NO 5:** Identify the names, addresses, and telephone numbers of all persons known to you to be a relative of yours, including aunts, uncles, and cousins.

**RESPONSE:** Separate Defendant's living relatives are his mother Deborah Finkbeiner of Haskell; his wife Erica Finkbeiner of Malvern; his sisters Shelly Finkbeiner of Glen Rose and Carla Elis of Glen Rose; his daughter Heaven Finkbeiner of Washington; his uncles Randy Jones of Benton, Larry Sims of Hot Springs, and Michael Finkbeiner of Texas; his cousins Mark Finkbeiner of Glen Rose, Lisa Finkbeiner of Glen Rose, Dena Jones of Benton, Ronda Oneal of Benton, and Tiffany Gibson of Hot Springs. Separate Defendant asserts that their names are relevant to jury selection but their contact information is not relevant to the case and beyond the scope of discovery.

**INTERROGATORY NO 6:** Identify all social media accounts you are or have

7

been associated with for the last ten years including the name of the social media platform, the username, and the date the account was created.

**RESPONSE:** Separate Defendant has had a Facebook account since January 2010, a Twitter/X account since March 2021, and an Instagram account since approximately March 2015, all showing his name. See also the response to Interrogatory No. 1.

**INTERROGATORY NO 7:** Provide the date, circumstances, and name or type of any controlled substances that you have ingested from January 1, 2023 to present day and state whether it was voluntary or involuntary.

**OBJECTION:** Separate Defendant objects to the discovery request seeking information about drug use on the grounds that the request is irrelevant and harassing. The information requested does not have any bearing, reference, or correlation to the Plaintiff's Complaint and is not reasonably calculated to lead to the discovery of admissible evidence. The purpose of the request appears to be to harass Separate Defendant, which is not permissible under the rules governing discovery.

**INTERROGATORY NO 8:** Identify any tests that have been administered to you for discovery of controlled substances from January 1, 2023 to present day and the results of those tests.

**OBJECTION:** Separate Defendant objects to the discovery request seeking information about drug testing on the grounds that the request is irrelevant and harassing. The information requested does not have any bearing, reference, or correlation to the Plaintiff's Complaint and is not reasonably calculated to lead to the discovery of admissible evidence. The purpose of the request appears to be to harass Separate Defendant, which is not permissible under the rules governing discovery.

**INTERROGATORY NO 9:** Describe in detail any communication with anyone
other than your attorneys, in which this legal action has been described by you or anyone
else, as the funniest thing your attorneys have seen in a long time.

**RESPONSE:** Separate Defendant may have made a comment similar to this one to
his Co-Defendant but he does not have a clear memory of the comment and is only aware
of the Facebook post attached to these responses as Exhibit A.

**REQUEST FOR PRODUCTION NO 6:**    Please provide all documents, emails,
communications or recordings that are associated with my communication you had in
reference to the previous interrogatory.

**RESPONSE:** Separate Defendant has no such documents.

**INTERROGATORY NO 10:** Describe with specificity any participation you had
in blocking the Plaintiff from the Hot Spring County Crime Watch page, including the
specific post or posts or rule or rules broken by the Plaintiff that resulted in this action.

**RESPONSE:** Separate Defendant had no part in blocking the Plaintiff from the Hot
Spring County Crime Watch page.

**REQUEST FOR PRODUCTION NO 7:**    Please provide all documents, emails,
communications or recordings that are associated with any communication you had in
reference to the previous interrogatory

**RESPONSE:** Separate Defendant has no responsive documents.

**INTERROGATORY NO 11:** Identify all posts you have made on the Hot Spring
Crime Watch page from January 1, 2023 through present day, indicate whether they were
made in your personal capacity or official capacity as Sheriff, whether or not they were
shareable, and with whom they were shareable. and identify all other places where you

9

shared these posts, either on Facebook or any other social media platform.

**OBJECTION:**    Separate Defendant objects to Request for Interrogatory No. 16 on two grounds. First, it is overly broad, unduly burdensome, and not proportional to the needs of the case. Specifically, the request seeks documents that are not relevant to any party's claim or defense and imposes an undue burden on Separate Defendant by requiring the production of a vast number of documents without sufficient justification. Separate Defendant contends that the request is unduly burdensome. Complying with the request would necessitate significant time and resources to locate, review, and produce the requested documents. The burden and expense of this production outweigh its likely benefit, especially given the marginal relevance of the documents sought.

Second, Separate Defendant objects to this request because the Hot Spring County Crime Watch is intended to be a private group for county residents "to communicate between each other regarding what is going on in the community and to relay information to help find stolen property, missing people, and let everyone know if something is happening we all need to know about." The requested information contains sensitive information about former members of the private Facebook group who are not parties to this litigation.

Separate Defendant started the Hot Spring County Crime Watch page prior to his tenure as Hot Spring County Sheriff, and his posts were intended to be in a personal capacity. The Hot Spring County Sheriff's Department has it own separate Facebook page for official communications. The only posts of which Separate Defendant is aware relevant to the case were attached the Plaintiff's Complaint.

Counsel for Separate Defendant will confer in good faith about a narrower request

10

for information from the Hot Spring County Crime Watch relating to the claims and defenses in this case.

**INTERROGATORY NO 12:** Identify the specific posts, actions or information that resulted in the blocking of Plaintiff from the Hot Spring County Crime Watch page.

**RESPONSE:** See the response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO 8:**   Please provide all documents, emails, communications or recordings that are associated with any communication you had in reference to the previous interrogatory

**RESPONSE:** Separate Defendant has no responsive documents

**INTERROGATORY NO 13:** Identify every person that is or has been a moderator or administrator on the Hot Spring Crime Watch Facebook page. Include their name, address, phone number, relationship to you, their function in relation to the page, when their relationship began and ended on the page.

**RESPONSE:** Separate Defendant created the page and his wife is an administrator. Jennifer Corley has been a moderator. Shelia Gregory is currently a moderator.

**INTERROGATORY NO 14:** Who approved the member request for Amy Williams, and when did they approve the membership.

**RESPONSE:** Separate Defendant does not recall who approved the member request for Amy Williams or when this was done, and the Facebook page does not show when this happened or who did it.

**INTERROGATORY NO 15:** Have you ever possessed the authority to speak on behalf of the Hot Spring County Sheriff's Office and if so, in what capacity and for what period of time did or do you possess this authority.

11

**RESPONSE:** From the time Separate Defendant took office on January 1, 2023, until the time of suspension on November 3, 2023, he possessed the authority to speak on behalf of the Hot Spring County Sheriff's Office as the elected head of the office.

**INTERROGATORY NO 16:** Identify all posts to the Hot Spring Crime watch page from January 1, 2023 to present day that have been edited, blocked, removed or had their permissions changed.

**OBJECTION:**      Separate Defendant objects to Request for Interrogatory No. 16 on two grounds. First, it is overly broad, unduly burdensome, and not proportional to the needs of the case. Specifically, the request seeks documents that are not relevant to any party's claim or defense and imposes an undue burden on Separate Defendant by requiring the production of a vast number of documents without sufficient justification. The number of posts relevant to the Plaintiff's Complaint is miniscule in comparison the entire history of the Hot Spring County Crime Watch page. Separate Defendant contends that the request is unduly burdensome. Complying with the request would necessitate significant time and resources to locate, review, and produce the requested documents. The burden and expense of this production outweigh its likely benefit, especially given the marginal relevance of the documents sought.

Second, Separate Defendant objects to this request because the Hot Spring County Crime Watch is intended to be a private group for county residents "to communicate between each other regarding what is going on in the community and to relay information to help find stolen property, missing people, and let everyone know if something is happening we all need to know about." The requested information contains sensitive information about former members of the private Facebook group who are not parties to

12

MTCF EXHIBIT

this litigation.

**REQUEST FOR PRODUCTION NO 9:**   Please provide a copy of all posts to the Hot Spring Crime Watch page that have been blocked, edited, removed or had their permissions changed from January 1, 2023 to present day.

**OBJECTION:**     See the response to Interrogatory No. 16.

**VERIFICATION**

I, Scott Finkbeiner, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

SCOTT FINKBEINER

**ACKNOWLEDGMENT**

STATE OF ARKANSAS       )
                        )
COUNTY OF PULASKI       )

SUBSCRIBED AND SWORN to before me, a Notary Public, this _____ day of February, 2025.

Notary Public

My Commission Expires:

_____

14

Respectfully submitted,

**Fuqua Campbell, P.A.**
Attorneys at Law
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
501-374-0200

Annie Depper
Ark. Bar No. 2009267
E-mail: adepper@fc-lawyers.com

John T. Adams
Ark. Bar No. 2005014
E-mail: jadams@fc-lawyers.com

David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

Harper Kiefer
Ark. Bar No. 2021129
E-mail: hkiefer@fc-lawyers.com

Samuel C. Baber
Ark. Bar No. 2014075
sbaber@fc-lawyers.com

*Attorneys for Separate Defendant Derek
Scott Finkbeiner in his official and individual
capacities*

15

## CERTIFICATE OF SERVICE

I, Annie Depper, certify that a copy of the foregoing has been served by electronic mail and first class mail, postage prepaid, on the following individuals on February 18, 2025:

Jeff Bailey
1045 Tom Loyd Cutoff
Malvern, AR 72014
mailarkansas@gmail.com

Winston C. Mathis
The Mathis Law Firm
Post Office Box 399
Arkadelphia, AR 71923
mathislawfirm@gmail.com

/s/ John T. Adams
John T. Adams

16



I hope to also have an update for you soon on the frivilous lawsuit targetting the Sheriff and I for removing someone from this group for breaking group rules. 👍 Facebook group admins have the right to remove people from groups, even if they don't like being kicked out, and this lawsuit is the funniest thing Scott's attorneys, as well as my attorney, has seen in a long time.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEFF BAILEY                                                        PLAINTIFF

v.                                    Case No. 6:24CV06095 SOH

DEREK SCOTT FINKBEINER, individually
and in his official capacity as Hot Spring
County Sheriff; and JENNIFER E. CORLEY            DEFENDANTS

**SEPARATE DEFENDANT SCOTT FINKBEINER'S
RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Comes Separate Defendant, Scott Finkbeiner, and provides the following responses

to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents:

**INTERROGATORY NO 17:** On what date did you create the Facebook profile

Amy Williams as referred to in prior Interrogatory No 1?

**RESPONSE:** Separate Defendant does not recall what date he created the Amy

Williams account, and estimates it was in March 2024.

**INTERROGATORY NO 18:** Please provide the name of any person that was

aware of your Facebook identity as Amy Williams prior to February 1, 2025.

**RESPONSE:** No other person was aware of Separate Defendant's Amy Williams

profile prior to February 1, 2025.

**INTERROGATORY NO 19:** Identify all posts of the identity Amy Williams to

present day that have been edited, blocked, removed or had their permissions changed.

**RESPONSE:** Separate Defendant does not know of any posts.

**REQUEST FOR PRODUCTION NO 10:** Please provide the Facebook Activity

Log for the Amy Williams page.  Please Facebook records of all activity from January 1,

2023 to present day.

**RESPONSE:** Separate Defendant deleted the Amy Williams account and no longer

has access to records of its activity.

Respectfully submitted,

**Fuqua Campbell, P.A.**
Attorneys at Law
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
501-374-0200

Annie Depper
Ark. Bar No. 2009267
E-mail: adepper@fc-lawyers.com

John T. Adams
Ark. Bar No. 2005014
E-mail: jadams@fc-lawyers.com

David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

Harper Kiefer
Ark. Bar No. 2021129
E-mail: hkiefer@fc-lawyers.com

Samuel C. Baber
Ark. Bar No. 2014075
sbaber@fc-lawyers.com

*Attorneys for Separate Defendant Derek
Scott Finkbeiner in his official and individual
capacities*

## VERIFICATION

I, Scott Finkbeiner, declare under penalty of perjury pursuant to 28 U.S.C. § 1746
that the foregoing is true and correct.

SCOTT FINKBEINER

## ACKNOWLEDGMENT

STATE OF ARKANSAS    )
                     )
COUNTY OF PULASKI    )

SUBSCRIBED AND SWORN to before me, a Notary Public, this 18th day of
~~February~~, 2025.
March

Notary Public

KRISTEN GIBSON
Notary Public-Arkansas
Pulaski County
My Commission Expires 06-01-2030
Commission # 12710754

My Commission Expires:

6/1/2030

4

**MTG EXHIBIT 2**

## CERTIFICATE OF SERVICE

I, John T. Adams, certify that a copy of the foregoing has been served by electronic mail and first class mail, postage prepaid, on the following individuals on April 8, 2025:

Jeff Bailey
1045 Tom Loyd Cutoff
Malvern, AR 72014
mailarkansas@gmail.com

Winston C. Mathis
The Mathis Law Firm
Post Office Box 399
Arkadelphia, AR 71923
mathislawfirm@gmail.com

/s/ John T. Adams
John T. Adams

